**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LASSETTER, *et al.*      )
          Plaintiffs,   )  3:10-cv-00790-LRH-VPC
   v.                               )
                            )  **ORDER**
BRAND, *et al.*          )
                            )  March 11, 2011
          Defendants.   )
_____)

Plaintiff is a prisoner in the Northern Nevada Correctional Center ("NNCC") in the custody of the Nevada Department of Corrections ("NDOC") (#1; 1-1). Before the court is plaintiff's application to proceed *in forma pauperis*, accompanied by his civil rights complaint. *Id.*

Plaintiff brings this action against Rob McKenna, Attorney General of the State of Washington; Daniel Satterberg, Prosecuting Attorney for King County, Washington; the Federal Bureau of Investigation ("FBI"); Nancy Brand, a resident of Washington; Helene Ellen Logen, an attorney in Seattle, Washington; and Perry and Wanda Beiber, address unknown (#1-1, p. 2-4). Plaintiff alleges that "two (2) of [his] children were illegally adopted by defendants Perry & Wanda Beiber without [his] consent or the due process of law." *Id.* at 3. He further claims he filed an appeal in the Supreme Court of the State of Washington, which was rejected, and that the Attorney General of Washington, the King County District Attorney, and the FBI all refused to investigate his claims. *Id.*

The court notes that plaintiff lists diversity jurisdiction on his civil cover sheet as the basis for jurisdiction, but also lists himself as a resident of Nevada and the defendants as residents of both Nevada and another state (#1-2, p. 1). The only defendants for whom addresses are not listed in the complaint are Perry and Wanda Beiber; the remaining defendants are from Washington (#1-1, p. 2-4). Therefore, the court surmises that the Beibers may be residents of Nevada, which would destroy diversity for the purposes of jurisdiction. *See* 28 U.S.C. § 1332. However, plaintiff's complaint allegedly states civil rights violations pursuant to Section 1983; therefore, the court's basis for

1  jurisdiction should actually be listed as federal question jurisdiction. *See* 28 U.S.C. § 1332. This
2  inconsistency in plaintiff's materials presents two options: (1) all defendants are from Washington
3  and the basis for jurisdiction could be either diversity or federal question, or (2) defendants Perry and
4  Wanda Beiber are from Nevada, as is plaintiff, and the remaining defendants are from Washington;
5  therefore, the basis for jurisdiction is federal question jurisdiction. Regardless, the conduct plaintiff
6  complains of occurred in the State of Washington (#1-1, p. 3).

7  The federal venue statute requires that a civil action based on diversity be brought only in
8  "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a
9  judicial district in which a substantial part of the events or omissions giving rise to the claim
10 occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a
11 judicial district in which any defendant is subject to personal jurisdiction at the time the action is
12 commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C.
13 § 1391(a). On the other hand, a civil action other than one based on diversity jurisdiction, may be
14 brought under the same circumstances listed in subsections one and two of 28 U.S.C. § 1391(a) or
15 may be brought in "(3) a judicial district in which any defendant may be found, if there is no district
16 in which the action may otherwise be brought." *Id.* § 1391(b).

17 In this case, the events giving rise to the claim apparently occurred in the Seattle metro-area
18 of Washington. The defendants either all reside in or near Seattle, Washington, and the action
19 should be brought in Washington under either diversity or federal question jurisdiction, or the
20 defendants reside in both Washington and Nevada, and the action should be brought in Washington
21 and the jurisdiction is federal question. Either way, as Seattle is located in the Western District of
22 Washington and the events giving rise to the complaint occurred there, plaintiff's complaint should
23 have been filed in the United States District Court for the Western District of Washington. In the
24 interests of justice, a federal court may transfer a complaint filed in the wrong district to the correct
25 district. *See* 28 U.S.C. § 1406(a).

26 ///

27

28 ///

1 **IT IS THEREFORE ORDERED** that this matter is transferred to the United States District
2 Court for the Western District of Washington.
3     **DATED:** March 11, 2011.

                                                */s/ Valerie P. Cooke*

                                            **UNITED STATES MAGISTRATE JUDGE**